UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-10059 MRA (MBK) | Date | May 13, 2025 |
|---|---|---|---|
| Title | De'Anthony Tyquan Govan v. Fidencio N. Guzman, Acting Warden of CSP-Centinela | | |

| Present: The Honorable | Michael B. Kaufman, United States Magistrate Judge |
|---|---|

| James Muñoz | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| none | none |

**Proceedings:** **ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THIS ACTION BE DISMISSED BECAUSE THE PETITION CONTAINS AN UNEXHAUSTED CLAIM**

On November 20, 2024, Petitioner De'Anthony Tyquan Govan ("Petitioner"), represented by counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"). Dkt. 1. After the Court ordered Respondent to respond to the Petition, Respondent filed a Motion to Dismiss the Petition ("Motion") on January 15, 2025. Dkt. 8. Respondent also lodged documents pertaining to Petitioner's state court proceedings. Dkt. 9. On March 5, 2025, Petitioner filed an Opposition to the Motion to Dismiss ("Opposition"). Dkt. 11. The following day, Respondent filed a Reply. Dkt. 12. Finally, on April 1, 2025, Petitioner filed a Response to the Reply. Dkt. 13.

The Petition raises five claims for federal habeas relief: (1) Petitioner's constitutional rights were violated when the verdict was taken in his absence, (Dkt. 1 at 12-19, "Ground One"); (2) Petitioner's constitutional rights were violated when he was ordered to wear a restraining belt during jury selection, (*id.* at 19-22, "Ground Two"); (3) Petitioner's constitutional right to confrontation was violated when a witness was deemed unavailable and her preliminary hearing testimony read to the jury, (*id.* at 23-33, "Ground Three"); (4) Petitioner's due process rights were violated by the inclusion of a witness certainty factor in the jury instructions, (*id.* at 34-37, "Ground Four"); and (5) Petitioner's due process rights were

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-10059 MRA (MBK) | Date | May 13, 2025 |
|---|---|---|---|
| Title | De'Anthony Tyquan Govan v. Fidencio N. Guzman, Acting Warden of CSP-Centinela | | |

violated by unduly prejudicial testimony that the victim was forced into prostitution (*id.* at 37-42, "Ground Five").[1]

Respondent's Motion alleges that Grounds One through Four are exhausted but that Ground Five, unduly prejudicial testimony, is unexhausted because it was never raised in the California Supreme Court. Dkt. 8 at 6-8. Thus, Respondent argues that the Petition must be dismissed for being a mixed petition, raising both exhausted and unexhausted claims. For the following reasons, the Court agrees with Respondent that Ground Five is unexhausted and, therefore, the Petition is a mixed petition.

A state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To satisfy the exhaustion requirement, a habeas petitioner must present his federal claims in the state courts to give the state the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *see also O'Sullivan*, 526 U.S. at 845 (holding habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process). A petitioner fully exhausts their claims only by presenting his claims to the highest state court with jurisdiction to consider them or demonstrating that no state remedy remains available. *See Carter v. Giurbino*, 385 F.3d 1194, 1196 (9th Cir. 2004); *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc). The inclusion of unexhausted claims in a habeas petition renders it mixed and subject to dismissal without prejudice. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) ("In sum, because a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims.").

Petitioner essentially concedes that Ground Five is unexhausted, making no attempt to argue that he raised that claim in the California Supreme Court on direct review or in a collateral proceeding. *See* Dkt. 1 at 11-12; Dkt. 11 at 2-3; Dkt. 13 at 3. Instead, he asks the Court to deny the Motion and grant him relief by finding an exception to the statutory requirement of exhaustion because the error alleged in Ground Five was so prejudicial it rendered his trial fundamentally unfair. Dkt. 13 at 2-5. However, Petitioner cites no authority supporting such an exception. It is well-established that, unless the state expressly waives the exhaustion

---

[1] When citing to the parties' briefs, the Court uses the numbering assigned by the CM/ECF electronic docket for clarity and ease of reference.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-10059 MRA (MBK) | Date | May 13, 2025 |
|---|---|---|---|
| Title | De'Anthony Tyquan Govan v. Fidencio N. Guzman, Acting Warden of CSP-Centinela | | |

requirement, which has not happened here, a federal court cannot grant a state prisoner's habeas petition if the prisoner has not exhausted state remedies as to all claims contained in the petition. 28 U.S.C. § 2254(b) & (c); *Rose*, 455 U.S. at 522.

Petitioner also requests that if the Court finds that "exhaustion is required," then the Court could grant a stay or allow him to delete the unexhausted claim in lieu of dismissing the mixed Petition. Dkt. 13 at 5-6. This request is on stronger footing. *See generally Ford v. Pliler*, 590 F.3d 782, 786-87 (9th Cir. 2009). From his briefing, however, it is not clear how Petitioner wishes to proceed on his currently mixed Petition.

Accordingly, the Court will provide Petitioner an opportunity to clearly identify how to proceed:

**Option 1:** If Petitioner wishes to contend that all of his claims are exhausted (including Ground Five), he should append to his response copies of any document, such as his state court filings or copies of state court decisions, establishing that Ground Five is exhausted. If Petitioner admits that he has not exhausted Ground Five, he must select one of the following options.

**Option 2:** Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). A Notice of Dismissal form is attached for Petitioner's convenience. However, Petitioner is advised that any dismissed claims may later be subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by AEDPA, which states that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."

**Option 3:** Petitioner may request a voluntary dismissal of any unexhausted claim and elect to proceed only on his exhausted claims. Petitioner may also use the attached Notice of Dismissal form to select this option. However, Petitioner is advised that if he elects to proceed without the unexhausted claim(s), any future habeas claims that could have been raised in the instant Petition may be rejected as successive.

**Option 4:** Petitioner may request a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). Under *Rhines*, the Court is empowered to stay all of the claims in a "mixed" petition while Petitioner returns to the state courts to exhaust any already pled, but unexhausted, claim(s). *See id*. at 277-78. To obtain a stay pursuant to *Rhines*, Petitioner is required to show good cause for his failure to exhaust any unexhausted claim(s) in state court and to establish that each unexhausted claim is not "plainly meritless." *See id*. at 277.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-10059 MRA (MBK) | Date | May 13, 2025 |
|---|---|---|---|
| Title | De'Anthony Tyquan Govan v. Fidencio N. Guzman, Acting Warden of CSP-Centinela | | |

**Option 5:** Petitioner may request a stay pursuant to *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003). Under *Kelly*, Petitioner would have to dismiss any unexhausted claim, but the Court would be empowered to stay any remaining, fully exhausted claims while he returned to the state courts to exhaust the unexhausted claim. *See id.* at 1070-71. Unlike a *Rhines* stay, a stay under *Kelly* does not require a showing of good cause. *See King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009). A *Kelly* stay requires compliance with the following three-step procedure: (1) the petitioner files an amended petition deleting his unexhausted claims; (2) the district court "stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims"; and (3) the petitioner subsequently seeks to amend the federal habeas petition to reattach "the newly-exhausted claims to the original petition." *Id.*; *see also Mitchell v. Valenzuela*, 791 F.3d 1166, 1171 n.4 (9th Cir. 2015) (quoting same).

Petitioner is cautioned, however, that he will be allowed to amend his Petition to add any newly-exhausted claims following a *Kelly* stay only if the AEDPA statute of limitations has not yet expired, or if the claims "relate back" to the timely exhausted claim(s) in the pending petition. *King*, 564 F.3d at 1140-41. A claim relates back if it shares a "common core of operative facts" with one or more of the claims in the pending petition. *Mayle v. Felix*, 545 U.S. 644, 664 (2005). Therefore, as the Ninth Circuit has cautioned, "compared to the *Rhines* procedure, '*Kelly* is not only a more cumbersome procedure for petitioners, but also a riskier one.'" *Mitchell*, 791 F.3d at 1171 n.4 (quoting *King*, 564 F.3d at 1140). "[F]rom the perspective of the petitioner, the downside of the *Kelly* procedure is that there is no assurance that the claims added to the petition after exhaustion will be considered timely filed." *Mitchell*, 791 F.3d at 1171 n.4.

In sum, the Court **ORDERS** Petitioner to file a response, <u>**on or before May 27, 2025**</u>, specifically stating which of the five options he wishes to pursue. To select Option One, Petitioner must file a Notice with the Court stating that he contends that the Petition is now fully exhausted, supported by any supporting state court records. To select Options Two or Three, Petitioner may use the attached Notice of Dismissal form and fill it out according to his choice to dismiss either the entire action or only his unexhausted claim. To select Options Four or Five, Petitioner may file a response stating he is requesting a stay pursuant to either *Rhines* or *Kelly*. If Petitioner wishes to obtain a stay pursuant to *Rhines*, he must also set forth good cause for his failure to have exhausted Ground Five and show why that claim is not plainly meritless.

**Petitioner is expressly warned that failure to timely file a declaration or other response to this Order <u>will result</u> in a recommendation that this action be dismissed with**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-10059 MRA (MBK) | Date | May 13, 2025 |
|---|---|---|---|
| Title | De'Anthony Tyquan Govan v. Fidencio N. Guzman, Acting Warden of CSP-Centinela | | |

**prejudice for his failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

The Clerk of the Court is directed to serve a copy of this Order upon counsel for Petitioner and Respondent.

**IT IS SO ORDERED.**